IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

|  |  |  |
|---|---|---|
| JEROME ADOLFO CASTLE, | * | |
| Petitioner, | * | |
| v. | * | Civil Action No. |
| | * | Criminal No.    GLR-13-0219 |
| UNITED STATES OF AMERICA, | * | GLR-13-0587 |
| Respondent. | * | |

**CONSOLIDATED MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2) AND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255**

NOW COMES petitioner, Jerome Adolfo Castle, by and through his counsel, Erek L. Barron, Esq., to respectfully move this honorable court for a resentencing pursuant to 18 U.S.C. § 3582(c)(2) or to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. This motion is based on the below points and authorities, all files and records in this case, any supplemental memoranda, and any further such argument and evidence as may be presented at the hearing on this motion.

INTRODUCTION AND OVERVIEW

Petitioner entered into a plea agreement dated November 19, 2013 stipulating to a total sentence of fourteen (14) years imprisonment on three counts of conviction, to run concurrently. Dkt. #6. The plea agreement was made in contemplation of the parties' calculation of the advisory sentencing guidelines and the applicable sentencing range (151 to 188 months). *Id.* at 4, 6 (citing, e.g., USSC Guidelines Section 2D1.1(c)(4)).

1

On this same date, November 19, 3013, the district court issued an expedited sentencing order. Dkt. #8. Then, on February 28, 2014, petitioner was sentenced to 168 months (14 years) for conspiracy to distribute and possess with intent to distribute cocaine and marijuana, 168 months for conspiracy to launder money, and 168 months for illegal reentry of a removed alien, with each sentence to run concurrently, and five years supervised release.

However, on January 17, 2014, before petitioner's sentencing, the United States Sentencing Commission (USSC) proposed amendments to the federal sentencing guidelines, including amendments to § 2D1.1. United States Attorney General Eric Holder endorsed these amendments in this testimony before the United States Congress in March 2014. Finally, on April 30, 2014, the USSC voted on the amendments and to reduce by two levels the base offense levels for drug offenses subject to the Drug Quantity Table at USSG § 2D1.1(c), and to make parallel changes to the quantity tables at § 2D1.11 for chemical precursors. *See* Amendment 3, Reader Friendly Amendments to the Sentencing Guidelines (eff. Nov. 1, 2014).[1] On July 18, 2014, the Commission voted to make this "drugs minus two" amendment retroactive and it took effect November 1, 2014.[2] Therefore, beginning November 1, 2014, inmates who were already sentenced can ask courts to retroactively reduce their sentences, and courts can rule on those requests.[3]

---

[1] Available at http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendlyamendments/20140430_RF_Amendments.pdf.
[2] 28 U.S.C. § 994(p).
[3] Amendment to the Sentencing Guidelines (Preliminary), July 18, 2014, http://www.ussc.gov/sites/default/files/pdf/amendment-process/reader-friendlyamendments/

APPLICABLE LAW AND DISCUSSION

I.     Petitioner's offense level should be reduced, the guideline range reduced based on the amendment to § 2D1.1, and he should be resentenced.

Pursuant to 18 U.S.C. § 3582(c)(2), "[I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant . . .the court may reduce the term of imprisonment [for petitioner], after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Section 1B1.10 is the guidelines policy statement which implements 18 U.S.C. § 3582(c)(2).

II.     The court should vacate, set aside, or correct petitioner's sentence pursuant to 28 U.S.C. § 2255, because petitioner's counsel was ineffective for not: (1) negotiating or seeking a variance based on likely, and subsequently proposed, amendments to the federal sentencing guidelines; (2) seeking a continuance of petitioner's plea or sentencing until promulgation of the USSC's proposed amendments, adoption of those amendments, or their retroactive application; and/or (3) avoiding waiver of a motion under 18 U.S.C. § 3582(c)(2).

Petitioner's counsel should have pursued the availability for petitioner to argue for a variance based on the likelihood that the USSC would promulgate amendments to the guidelines. At the very least, counsel should have asked for a variance based on this likelihood once the USSC actually published its proposed amendments; the USSC's Issue for Comment itself, demonstrated their likely adoption.

---

20140718_RFP_Amendments_Retroactivity.pdf.

First, the USSC emphasized for the first time that it "must ensure that the sentencing guidelines are 'formulated to minimize the likelihood that the Federal prison population will exceed the capacity of the Federal prisons.'" USSC Proposed Amendment, Issue for Comment at 2. "Thus, '[p]ursuant to 28 U.S.C. § 994(g), the Commission intends to consider the issue of reducing costs of incarceration and overcapacity of prisons.'" *Id.* (quoting 78 Fed. Reg. 51820 (August 21, 2013)).

Second, the USSC acknowledges for the first time since 1995 that it added 2 levels above what was necessary to meet the two mandatory minimum levels in order to promote the prosecutorial interest in inducing defendants to plead guilty or cooperate: "'The base offense levels are set at guideline ranges slightly higher than the mandatory minimum levels to permit some downward adjustment for defendants who plead guilty or otherwise cooperate with authorities.'" *Id.* at 2 (quoting U.S. Sent'g Comm'n, *Special Report to Congress: Cocaine and Federal Sentencing Policy* (February 1995) at 148).

In other words, the proposed amendment would simply undo 2 levels the USSC added with no basis in the purposes of sentencing, and was not even necessary to implement its misguided decision to tie the guidelines to mandatory minimums across 17 quantity levels or its desire to avoid "sentencing cliffs." This not only indicated that the USSC would promulgate the amendment, but the fact that these 2 levels never served any legitimate or quasi-legitimate purpose means the judge should have granted a variance if petitioner's counsel had requested it during his sentencing.

The court would have also been persuaded to grant a variance because the USSC recently reminded Congress that in a study it conducted in 2011, it found that only

30.4% of defendants released early under crack minus 2 recidivated within two years, while 32.6% of defendants who served their full sentences recidivated within two years. Thus, "some reduction in the sentences of drug offenders would not lead to increased recidivism and crime." *See* Statement of Judge Patti B. Saris, Chair, United States Sentencing Commission, for the Hearing on "Reevaluating the Effectiveness of Federal Mandatory Minimum Sentences" Before the Committee on the Judiciary, United States Senate, Sept. 18, 2013 [Commission Testimony] (9/18/13) at 6-7.

Finally, if he failed to negotiate a variance from the government or the court based on the likely, and now adopted, amendments, petitioner's counsel should have sought to postpone sentencing until the USSC's proposed amendments were adopted or applied retroactively by the USSC or Congressional inaction. Moreover, although petitioner has not waived a motion under 18 U.S.C. § 3582(c)(2) and is clearly eligible for retroactive sentencing, petitioner's counsel was also ineffective if, arguendo, this court were to find such a waiver.

## CONCLUSION

Pursuant to 18 U.S.C. § 3582(c)(2), petitioner is eligible for retroactive sentence reduction because the sentencing range upon which his sentence was based "has subsequently been lowered by the [USSC]" and this court "may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." Moreover, the ineffective assistance of petitioner's counsel in negotiating, handling, and communicating the plea agreement

5

mandates this court vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255.

For the reasons stated above, petitioner requests the matter be scheduled for resentencing at a date and time convenient to all parties. Additionally, petitioner requests a presentence investigation be conducted with opportunity for response by petitioner and the government.

        Respectfully submitted,

        <u>s/Erek L. Barron</u>
        Erek L. Barron, Esq.
        Whiteford, Taylor & Preston, LLP
        7501 Wisconsin Ave., Suite 700W
        Bethesda, Maryland 20814
        Office: (301) 804-3613

        *Counsel for Jerome A. Castle*

**CERTIFICATE OF SERVICE**

The undersigned, Erek L. Barron, hereby certifies that the foregoing document: CONSOLIDATED MOTION FOR REDUCTION OF SENTENCE PURSUANT TO 18 U.S.C. 3582(c)(2) AND MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. 2255 was served pursuant to the Court's ECF system as to ECF filings, if any, and was sent by first-class mail/hand delivery on February 28, 2015, to counsel/parties that are non-ECF filers.

Respectfully submitted,

s/Erek L. Barron
Attorney for Shane Hare
Whiteford, Taylor & Preston, LLP
7501 Wisconsin Ave., Suite 700W
Bethesda, MD 20814
301.804.3613